**No. 1:16-cv-08423**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE: CAESARS ENTERTAINMENT OPERATING COMPANY, INC., ET AL.,
*Debtors.*

CAESARS ENTERTAINMENT OPERATING COMPANY, INC., ET AL.,
*Plaintiffs-Appellants*,

v.

BOKF, N.A., WILMINGTON SAVINGS FUND SOCIETY, FSB,
RELATIVE VALUE-LONG/SHORT DEBT PORTFOLIO, A SERIES OF UNDERLYING FUNDS TRUST,
TRILOGY PORTFOLIO COMPANY, LLC, AND FREDRICK BARTON DANNER,
*Defendants-Appellees.*

On Appeal from the United States Bankruptcy Court for the
Northern District of Illinois (Goldgar, J.)
Chapter 11 Case No. 15-01145
Adversary Case No. 15-00149

**FIRST LIEN NOTES COMMITTEE'S STATEMENT IN SUPPORT OF APPELLANTS' EMERGENCY MOTION FOR ADMINISTRATIVE RELIEF**

| | |
|---|---|
| Kenneth H. Eckstein | Mark A. Berkoff (ARDC #06194787) |
| Daniel M. Eggermann | Robert Radasevich (ARDC #06180383) |
| KRAMER LEVIN NAFTALIS & | Nicholas M. Miller (ARDC #06295723) |
| FRANKEL LLP | NEAL, GERBER & EISENBERG LLP |
| 1177 Avenue of Americas | Two North LaSalle Street, Suite 1700 |
| New York, New York 10036 | Chicago, Illinois 60602-3801 |
| Ph: (212) 715-9100 | Ph: (312) 269-8000 |

*Counsel for First Lien Notes Committee*

**FIRST LIEN NOTES COMMITTEE'S STATEMENT IN SUPPORT OF APPELLANTS' EMERGENCY MOTION FOR ADMINISTRATIVE RELIEF**

The Ad Hoc Committee of First Lien Noteholders (the "1L Notes Committee"),[1] a party-in-interest in this appeal, the adversary proceeding, and in the jointly-administered chapter 11 cases of the above-captioned debtors-in-possession (the "Debtors"), submits this statement in support of the Debtors' *Emergency Motion for Administrative Relief* (the "Emergency Motion").[2]

The members of the 1L Notes Committee hold in excess of $3.2 billion of the approximately $6.3 billion in senior secured first lien notes issued by the Debtors (the "1L Notes"). The holders of 1L Notes are not only the single largest creditor constituency in the underlying chapter 11 cases, but also the single largest creditor constituency pursuing guaranty claims against CEC outside of the bankruptcy court (through their indenture trustee, UMB Bank, N.A.). For the reasons set forth in the Emergency Motion and herein, the 1L Notes Committee supports an administrative stay until this Court can receive full briefing on the Debtors' motion for a temporary injunction of the guaranty actions pending resolution of this appeal.

The Debtors are in the process of prosecuting a plan of reorganization that, if confirmed, will resolve all attendant disputes related to the Debtors, including the guaranty claims against their parent, CEC, that are the subject of the Bankruptcy Court's current injunction that expires by its terms on Monday, August 29, 2016. That plan is premised upon a contribution from CEC and other parties that the Debtors value at between $3 billion and $5 billion which would provide

---

[1] The 1L Notes Committee's membership is set forth in a Rule 2019 Statement filed in the bankruptcy court below and attached hereto as Annex 1 for the Court's convenience. The 1L Notes Committee intends to seek authorization to participate in this appeal as either an intervenor or as amicus curiae in accordance with Rule 8013 and/or Rule 8017 of the Federal Rules of Bankruptcy Procedure.

[2] Capitalized terms not defined herein have the meaning set forth in the Emergency Motion.

the consideration for a release of the Debtors' estates' claims against certain of their non-debtor affiliates as well as the release of guaranty claims of creditors against CEC.

As set forth in the Emergency Motion, if the guaranty claims are permitted to proceed, there is a material risk that an adverse judgment is entered against CEC, thereby undermining the significant progress made to date and thereby jeopardizing the restructuring to the detriment of the Debtors' estates and all of their creditors. CEC cannot possibly suffer an adverse judgment in the guaranty litigations and provide the same level of contributions at the same time and on the same terms as contemplated by the Debtors' proposed plan. As explained in the Emergency Motion, if an administrative stay is not granted, that adverse judgment can come as early as this Tuesday, August 30.

As senior secured first lien creditors (with guaranty claims against CEC, albeit disputed), the holders of 1L Notes have the most at stake in the underlying chapter 11 cases and guaranty actions. Notwithstanding the fact that the holders of 1L Notes have the largest guaranty claims pending against CEC, the 1L Notes Committee nevertheless supported the relief requested by the Appellants below (see statement attached hereto as Annex 2) and supports the relief requested by the Debtors in the Emergency Motion. The issues presented by the appeal are important ones. Billions of dollars are at stake. The Debtors should be afforded the opportunity to have meaningful appellate review of the Bankruptcy Court's order. Without the requested administrative stay, that might not be possible. Accordingly, the 1L Notes Committee supports the Debtors' request for administrative relief extending the Bankruptcy Court's injunction against the guaranty actions until the Court can consider the Debtors' forthcoming motion to enjoin the guaranty actions pending appeal.

Dated: August 28, 2016

Respectfully submitted,

By: */s/ Mark A. Berkoff*
    Mark A. Berkoff (ARDC #06194787)
    Robert Radasevich (ARDC #06180383)
    Nicholas M. Miller (ARDC #06295723)
    **NEAL, GERBER & EISENBERG LLP**
    Two North LaSalle Street, Suite 1700
    Chicago, Illinois 60602-3801
    Ph: (312) 269-8000

    - and -

    Kenneth H. Eckstein (admitted *pro hac vice*)
    Daniel M. Eggermann (admitted *pro hac vice*)
    **KRAMER LEVIN NAFTALIS**
      **& FRANKEL LLP**
    1177 Avenue of the Americas
    New York, NY 10036
    Ph: (212) 715-9100

    *Counsel to the 1L Notes Committee*

## **Annex I**

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| CAESARS ENTERTAINMENT OPERATING COMPANY, INC., *et al.*, | ) |
| | ) Case No.  15-01145 (ABG) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

### EIGHTH SUPPLEMENTAL VERIFIED STATEMENT OF KRAMER LEVIN NAFTALIS & FRANKEL LLP AND NEAL, GERBER & EISENBERG LLP PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019

In connection with the chapter 11 cases (the "Chapter 11 Cases") commenced by the above-captioned debtors (the "Debtors") on January 15, 2015, Kramer Levin Naftalis & Frankel LLP ("Kramer Levin") and Neal, Gerber & Eisenberg LLP ("Neal Gerber" and, together with Kramer Levin, "Counsel") hereby submit this eighth supplemental verified statement (the "Eighth Supplemental Statement") pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 2019") in connection with Counsel's representation of certain holders of the 11.25%,[1] 9%,[2] and 8.5%[3] Senior Secured Notes (collectively, the "First Lien Notes") issued by Caesars Entertainment Operating Company, Inc. ("Caesars") or its predecessor in interest Harrah's Operating Company, Inc.; and respectfully states as follows:

---

[1] The 11.25% Senior Secured Notes refer to notes due 2017 issued under the indenture dated as of June 10, 2009, by and among, Harrah's Operating Company, Inc., as issuer, Harrah's Entertainment, Inc., as parent guarantor, and U.S. Bank National Association, as trustee.

[2] The 9% Senior Secured Notes refer to notes due 2020 issued under indentures dated as of August 22, 2012 and February 15, 2013, respectively, by and among, Caesars Entertainment Operating Company, Inc., as issuer, Caesars Entertainment Corporation, as parent guarantor, and U.S. Bank National Association, as trustee.

[3] The 8.5% Senior Secured Notes refer to notes due 2020 issued under the indenture dated as of February 14, 2012, by and among, Caesars Entertainment Operating Company, Inc., as issuer, Caesars Entertainment Corporation, as parent guarantor, and U.S. Bank National Association, as trustee.

1. On January 15, 2015, the Debtors filed the Chapter 11 Cases.

2. Certain holders of the First Lien Notes have engaged Kramer Levin and Neal Gerber to represent them in connection with the Chapter 11 Cases (the "Ad Hoc Committee of First Lien Noteholders").

3. On February 25, 2015, Counsel filed the *Verified Statement of Kramer Levin Naftalis & Frankel LLP and Neal, Gerber & Eisenberg LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Dkt. No. 474] (the "Original Statement").

4. On March 9, 2015, Counsel filed the *First Supplemental Verified Statement of Kramer Levin Naftalis & Frankel LLP and Neal, Gerber & Eisenberg LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Dkt. No. 632] (the "First Supplemental Statement"). On May 22, 2015, Counsel filed the *Second Supplemental Verified Statement of Kramer Levin Naftalis & Frankel LLP and Neal, Gerber & Eisenberg LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Dkt. No. 1664] (the "Second Supplemental Statement"). On September 21, 2015, Counsel filed the *Third Supplemental Verified Statement of Kramer Levin Naftalis & Frankel LLP and Neal, Gerber & Eisenberg LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Dkt. No. 2226] (the "Third Supplemental Statement"). On November 17, 2015, Counsel filed the *Fourth Supplemental Verified Statement of Kramer Levin Naftalis & Frankel LLP and Neal, Gerber & Eisenberg LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Dkt. No. 2609] (the "Fourth Supplemental Statement"). On January 25, 2016, Counsel filed the *Fifth Supplemental Verified Statement of Kramer Levin Naftalis & Frankel LLP and Neal, Gerber & Eisenberg LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Dkt. No. 3134] (the "Fifth

Supplemental Statement"). On March 9, 2016, Counsel filed the *Sixth Supplemental Verified Statement of Kramer Levin Naftalis & Frankel LLP and Neal, Gerber & Eisenberg LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Dkt. No. 3357] (the "Sixth Supplemental Statement"). On April 6, 2016, Counsel filed the *Seventh Supplemental Verified Statement of Kramer Levin Naftalis & Frankel LLP and Neal, Gerber & Eisenberg LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019* [Dkt. No. 3500] (the "Seventh Supplemental Statement").

5.   The facts and circumstances set forth in the Original Statement, the First Supplemental Statement, the Second Supplemental Statement, the Third Supplemental Statement, the Fourth Supplemental Statement, the Fifth Supplemental Statement, the Sixth Supplemental Statement and the Seventh Supplemental Statement are incorporated by reference herein.

6.   Since Counsel filed the Seventh Supplemental Statement, the composition and/or the disclosable economic interests in the Debtors held or managed by certain members of the Ad Hoc Committee of First Lien Noteholders has changed. Therefore, in accordance with Bankruptcy Rule 2019, Counsel hereby submits this Eighth Supplemental Statement to update and supplement the previous statements.

7.   At the time of the filing of this Eighth Supplemental Statement, over 80% of the holders of First Lien Notes, including the members of the Ad Hoc Committee of First Lien Noteholders, are signatories to the Fifth Amended and Restated Restructuring Support and Forbearance Agreement with Caesars, dated as of October 7, 2015.

Case 15-01145    Doc 3667    Filed 05/25/16    Entered 05/25/16 11:01:26    Desc Main
Case: 1:15-cv-08422 Document #: 26 Filed: 06/20/16 Page 16 of 81 PageID #:641

3

8. As of the date of this Eighth Supplemental Statement, Counsel represents only the members of the Ad Hoc Committee of First Lien Noteholders and does not represent or purport to represent any other persons or entities in connection with the Chapter 11 Cases.

9. The members of the Ad Hoc Committee of First Lien Noteholders hold, or are the investment advisors or managers of funds and/or accounts that hold, approximately $3,246,425,000 in aggregate principal amount of the First Lien Notes as of the date hereof. In accordance with Bankruptcy Rule 2019, the address and nature and amount of all disclosable economic interests for each member is set forth in Exhibit A. The information contained in Exhibit A is based upon information provided by the members to Counsel and is subject to change. Counsel does not represent the members in connection with any holdings in these Chapter 11 Cases other than holdings of First Lien Notes.

10. Nothing in this Eighth Supplemental Statement, including Exhibit A hereto, should be construed as a limitation upon, or waiver of, any member's right to assert, file and/or amend its claims in accordance with applicable law and any orders entered in these cases.

11. The undersigned verify that the foregoing is true and correct to the best of their knowledge.

12. Counsel reserves the right to amend or supplement this Eighth Supplemental Statement.

*[Remainder of Page Intentionally Left Blank]*

Dated: August 15, 2016

                              Respectfully submitted,

                              By: */s/ Mark A. Berkoff*
                                 Mark A. Berkoff (ARDC #06194787)
                                 Robert Radasevich (ARDC #06180383)
                                 Nicholas M. Miller (ARDC #06295723)
                                 **NEAL, GERBER & EISENBERG LLP**
                                 Two North LaSalle Street, Suite 1700
                                 Chicago, Illinois 60602-3801
                                 Ph: (312) 269-8000

                                 - and -

                                 Kenneth H. Eckstein (admitted *pro hac vice*)
                                 Douglas H. Mannal (admitted *pro hac vice*)
                                 Daniel M. Eggermann (admitted *pro hac vice*)
                                 **KRAMER LEVIN NAFTALIS**
                                   **& FRANKEL LLP**
                                 1177 Avenue of the Americas
                                 New York, NY 10036
                                 Ph: (212) 715-9100

                                 *Counsel to the Ad Hoc Committee of First Lien Noteholders*

**Exhibit A**

| Name | Address | Nature and Amount of Disclosable Economic Interest[1] | |
|---|---|---|---|
| | | **CEOC First Lien Notes** | **Other** |
| **Acuna Opal, L.L.C.** | P.O. Box 7596<br>New York, NY 10150 | $35,000,000 | |
| **Aurelius Capital Management, LP, on behalf of its managed entities** | 535 Madison Avenue, 22nd Floor<br>New York, NY 10022 | $66,000,000 | |
| **Davidson Kempner Capital Management LP, on behalf of certain of its affiliates** | 520 Madison Avenue, 30th Floor<br>New York, NY 10022 | $118,765,000 | $2,681,117: First Lien Bank Debt |
| **Elliott Management Corporation** | 40 West 57th Street<br>New York, NY 10019 | $1,246,535,000 | $685,795,026: First Lien Bank Debt<br><br>$2,000,000: 10.75% Subsidiary Guaranteed Notes due 2016 |
| **Indianapolis High Yield Group of J.P. Morgan Investment Management Inc.** | 1 East Ohio Street<br>Indianapolis, IN 46204 | $402,948,000 | |
| **Monarch Alternative Capital LP** | 535 Madison Avenue<br>New York, NY 10022 | $314,638,000 | $14,500,000: First Lien Bank Debt |
| **Nomura Corporate Research and Asset Management** | 309 West 49th Street, 19th Floor<br>New York, NY 10019 | $8,515,000 | $625,000: CEOC Second Lien Notes |
| **Oak Hill Advisors, L.P.** | 1114 Avenue of the Americas<br>27th Floor<br>New York, NY 10036 | $59,400,000 | |
| **Pacific Investment Management Company LLC** | 650 Newport Center Drive<br>Newport Beach, CA 92660 | $928,608,000 | |

---

[1] The amounts set forth herein include only outstanding principal and do not include interest and other amounts or claims arising under, or related to, the relevant debt instruments. Certain amounts set forth herein may remain subject to transactions that have not closed as of the date hereof.

| Name | Address | Nature and Amount of Disclosable Economic Interest[1] | |
|---|---|---|---|
| | | **CEOC First Lien Notes** | **Other** |
| **Polygon Convertible Opportunity Master Fund** | c/o Polygon Global Partners LLP 4 Sloane Terrace London, SW1X 9DQ, United Kingdom | $17,000,000 | $9,059,500: CEOC Second Lien Notes $7,375,000: 10.75% Subsidiary Guaranteed Notes due 2016 |
| **Polygon Distressed Opportunities Master Fund** | | $3,400,000 | $11,651,500: CEOC Second Lien Notes $8,375,000: 10.75% Subsidiary Guaranteed Notes due 2016 |
| **Whitebox Advisors LLC** | 3033 Excelsior Blvd, Suite 300 Minneapolis, MN 55416 | $45,616,000 | $43,882,688: First Lien Bank Debt |

## **Annex II**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____
                                          )
In re:                                    )    Chapter 11
                                          )
CAESARS ENTERTAINMENT OPERATING           )    Case No. 15-01145 (ABG)
COMPANY, INC., *et al.*,                  )
                                          )    (Jointly Administered)
            Debtors.                      )
_____ )
                                          )
CAESARS ENTERTAINMENT OPERATING           )    Chapter 11
COMPANY, INC., *et al.*,                  )
                                          )    Adversary Case No. 15-00149 (ABG)
            *Plaintiffs*                  )
vs.                                       )
                                          )
BOKF, N.A., WILMINGTON SAVINGS FUND       )
SOCIETY, FSB, RELATIVE VALUE-             )
LONG/SHORT DEBT PORTFOLIO, A SERIES       )
OF UNDERLYING FUNDS TRUST, TRILOGY        )
PORTFOLIO COMPANY, LLC, AND               )
FREDERICK BARTON DANNER,                  )
                                          )
            *Defendants*.                 )
_____ )

**FIRST LIEN NOTES COMMITTEE'S STATEMENT IN SUPPORT
OF DEBTORS' MOTION TO EXTEND THE SECTION 105 INJUNCTION ENJOINING
DEFENDANTS FROM FURTHER PROSECUTING THEIR GUARANTY LAWSUITS**

The Ad Hoc Committee of First Lien Noteholders (the "1L Notes Committee"), a party-in-interest in this adversary proceeding and in the jointly-administered chapter 11 cases of the above-captioned debtors-in-possession (the "Debtors"), submits this statement in support of the Debtors' *Motion to Extend the Section 105 Injunction Enjoining Defendants from Further Prosecuting their Guaranty Lawsuits* (the "105 Motion") (Dkt. No. 284).[1]

---

[1] Capitalized terms not defined herein have the meaning set forth in the 105 Motion.

### STATEMENT IN SUPPORT OF THE 105 MOTION

1. The members of the 1L Notes Committee hold in excess of $3.2 billion of the approximately $6.3 billion in senior secured first lien notes issued by the Debtors (the "1L Notes"). The holders of 1L Notes are not only the single largest creditor constituency in these chapter 11 cases, but also the single largest creditor constituency pursuing guaranty claims against CEC (through their indenture trustee, UMB Bank, N.A.). For the reasons set forth in the Motion and herein, the 1L Notes Committee supports an injunction against the continuation of all of the guaranty litigation against CEC until this Court has issued its decision with respect to confirmation of a proposed plan of reorganization.

2. These chapter 11 cases are at a critical juncture. The 1L Notes Committee, through its steering group, remains very much involved in, and committed to, negotiations with the Debtors and CEC concerning necessary modifications to the proposed plan that is currently on file. The proposed plan would require holders of 1L Notes to receive nearly 50% of their recoveries in the form of equity securities – a significant concession that cannot be required of a secured creditor without its consent. Those equity recoveries are particularly affected by the recent public announcement of a potential sale of certain material assets of Caesars Interactive Entertainment, Inc. As a result of that development, among others, negotiations around an amended restructuring support agreement have taken longer than hoped.[2] While some progress has been made toward the terms of an amended restructuring support agreement with the holders of 1L Notes, more time is required. The 1L Notes Committee is hopeful that, with more time, the remaining issues can be fully resolved and the Debtors can obtain the necessary creditor support for a confirmable plan.

---

[2] The milestones and a number of other provisions of the existing 1L Notes' restructuring support agreement are no longer consistent with the current circumstances of these cases.

3. It is essential that the status quo be maintained so that the Debtors can continue negotiations with their creditors, in order to reach agreement with the holders of 1L Notes and make as much additional progress with junior creditors as is possible towards a fully consensual plan. In the event that full consensus with junior creditors is not achieved, the Debtors should nevertheless have an opportunity to present a plan of reorganization to the Court for confirmation and, based on a full evidentiary record, demonstrate to the Court that the contributions to be provided to the Debtors' estates and their creditors in exchange for the estate and third-party releases are fair and adequate and that the proposed plan is otherwise confirmable under applicable bankruptcy law and Seventh Circuit standards.

4. The proposed plan, if confirmed, would settle the very claims that are at issue in the pending guaranty litigation. Any creditors opposing estate and/or third-party releases (or opposing any plan on any other ground for that matter) will have a full and fair opportunity to present their case at confirmation. But it is crucial that the confirmation process continue unabated. Allowing the Guaranty Creditors to pursue their guaranty actions in the interim could undermine the significant progress made to date and thereby jeopardize the restructuring to the detriment of the Debtors' estates and all of their creditors. As set forth in the 105 Motion, CEC cannot possibly suffer an adverse judgment in the guaranty litigations and provide the same level of contributions at the same time and on the same terms as contemplated by the Debtors' proposed plan.

5. These cases are as complex as they are fragile. Rulings outside of this Court on critical legal issues could very well cripple a successful restructuring. It is in these circumstances where the Court's broad Section 105 authority is needed most. Indeed, the Seventh Circuit framed the relevant questions as "whether the injunction sought by CEOC is

likely to enhance the prospects for a successful resolution of the disputes attending its bankruptcy" and whether "its denial will thus endanger the success of the bankruptcy proceedings." *Caesars Entertainment Operating Co. v. BOKF, N.A. (In re Caesars Entertainment Operating Co.)*, 808 F.3d 1186, 1188 (7th Cir. 2015). If the answer to either of those questions is yes, which clearly is the case here, the relief requested is within the Court's Section 105 powers and is required. *Id*. at 1188-89.

      6.     The Debtors' proposed plan is premised on a settlement that resolves all disputes attending their bankruptcy, of which the estate and third-party releases are an integral and non-severable part. That certain creditors (or groups of creditors) may ultimately oppose confirmation of the proposed plan is of no moment to the request currently before the court. Indeed, nothing in the Seventh Circuit's opinion requires support from all creditors for an injunction to be issued – only that the injunction will enhance the prospects for a successful resolution of these proceedings. Either the plan will be confirmed (in which case there will be a successful resolution of all attendant disputes), or it will not (in which case these cases may head down a very different path). The creditors opposing the 105 Motion constitute a small minority of creditors in these chapter 11 cases (and even a minority of creditors holding guarantee claims). They should not be permitted prematurely to thwart what the majority of creditors believe is in the best interests of the Debtors' estates. The relief requested in the 105 Motion simply seeks to preserve the status quo so that the Debtors can have their "day" in court on a plan of reorganization. As members of the single largest creditor constituency in these cases, the 1L Notes Committee submits that the guaranty litigation should be stayed and the Debtors afforded the opportunity to complete negotiations with its creditors, maximize creditor consensus and present its plan to this Court for confirmation.

Dated: August 21, 2016

>Respectfully submitted,
>
>By: */s/ Mark A. Berkoff*
>  Mark A. Berkoff (ARDC #06194787)
>  Robert Radasevich (ARDC #06180383)
>  Nicholas M. Miller (ARDC #06295723)
>  **NEAL, GERBER & EISENBERG LLP**
>  Two North LaSalle Street, Suite 1700
>  Chicago, Illinois  60602-3801
>  Ph: (312) 269-8000
>
>  - and -
>
>  Kenneth H. Eckstein (admitted *pro hac vice*)
>  Daniel M. Eggermann (admitted *pro hac vice*)
>  **KRAMER LEVIN NAFTALIS
>    & FRANKEL LLP**
>  1177 Avenue of the Americas
>  New York, NY 10036
>  Ph: (212) 715-9100
>
>  *Counsel to the 1L Notes Committee*[3]

---

[3] The 1L Notes Committee's membership is set forth in a Rule 2019 Statement at Dkt. No. 4667.