No. 1:16-cv-08423

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IN RE: CAESARS ENTERTAINMENT OPERATING COMPANY, INC., ET AL.,
*Debtors.*

CAESARS ENTERTAINMENT OPERATING COMPANY, INC., ET AL.,
*Plaintiffs-Appellants*,

v.

BOKF, N.A., WILMINGTON SAVINGS FUND SOCIETY, FSB, RELATIVE VALUE-LONG/SHORT DEBT PORTFOLIO, A SERIES OF UNDERLYING FUNDS TRUST, TRILOGY PORTFOLIO COMPANY, LLC, AND FREDRICK BARTON DANNER,
*Defendants-Appellees.*

On Appeal from the United States Bankruptcy Court for the
Northern District of Illinois (Goldgar, J.)
Chapter 11 Case No. 15-01145
Adversary Proceeding No. 15-00149

## AMENDED RESPONSE IN OPPOSITION TO APPELLEES' MOTION TO DISMISS

John C. O'Quinn
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS
INTERNATIONAL LLP
655 15th Street, N.W.
Washington, D.C. 20005
Tel:   (202) 879-5000
Fax:   (202) 879-5200
john.oquinn@kirkland.com

Paul M. Basta, P.C.
Nicole L. Greenblatt, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS
INTERNATIONAL LLP
601 Lexington Avenue
New York, N.Y. 10022
Tel:   (212) 446-4800
Fax:   (212) 446-4900

James H.M. Sprayregen, P.C.
David R. Seligman, P.C.
David J. Zott, P.C.
Jeffrey J. Zeiger, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS
INTERNATIONAL LLP
300 North LaSalle
Chicago, Illinois 60654
Tel:   (312) 862-2000
Fax:   (312) 862-2200

*Counsel for Debtors/Plaintiffs-Appellants*

# RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Appellants Caesars Entertainment Operating Company, Inc. ("CEOC") *et al.* respond to the *Motion to Dismiss Appeal* filed by Appellees Wilmington Savings Fund Society, FSB, Relative Value-Long/Short Debt Portfolio, a Series of Underlying Funds Trust, and Trilogy Portfolio Company, LLC.

1. As Appellees recognize, the basis for the Debtors' injunction and corresponding appeal is to protect the contribution by Caesars Entertainment Company ("CEC"), the Sponsors, and others that is at the heart of the Debtors' proposed plan of reorganization. (Mot. ¶ 3) Appellees have now moved to dismiss the Debtors' appeal on the grounds that "the basis for the Debtors' requested injunction, and this entire appeal, no longer exists." (*Id.* ¶ 3) According to Appellees, "as of [Friday], there is no CEC settlement left to protect" (*Id.* ¶ 10), and thus "the appeal no longer should be prosecuted." (*Id.* ¶ 9) Appellees' motion therefore rests on the assumption that CEC and other contributing parties would withdraw their contributions last Friday.

2. Appellees prematurely filed their Motion, however, as CEC and others did not withdraw contributions last Friday but instead

continued to negotiate. As a result of these negotiations, CEC, the Sponsors, and other parties significantly *increased* plan contributions by more than $1.3 billion, and reached an agreement in principle whereby the Official Committee of Second Priority Noteholders (the "<u>Noteholder Committee</u>") and certain of the Appellees committed to support the Debtors' proposed plan of reorganization. (Decl. of D. Seligman, ¶ 3) Because of this agreement, recoveries to the second lien noteholders (including the Appellees here) will increase from approximately 40% to more than 65%. (*Id.*) These significant developments have further strengthened the basis for both the injunction and the appeal, and it is now more important than ever that the contributions and the Debtors' plan be protected.

3. Over the past week, the Debtors, CEC, the Sponsors, and the Noteholder Committee have engaged in intense, around-the-clock negotiations that ultimately resulted in an agreement in principle and a term sheet acceptable to all parties. (*Id.*) As part of this agreement, the Sponsors agreed to contribute approximately $950 million in additional direct equity in CEC. (*Id.*) With this increased contribution, CEC, the Sponsors, and other parties have now agreed to contribute

2

more than $5 billion to the Debtors' proposed plan of reorganization. (*Id*.) Moreover, because of these contributions, every major creditor constituency now supports the Debtors' proposed plan of reorganization. (*Id*. ¶ 4) This includes all of the Appellees except Trilogy Portfolio Company, LLC, who holds approximately $9.4 million in claims against CEOC.[1] (*Id*.)

4. As a result of these significant positive developments, the scenario described in the Appellees' Motion never came to pass. Thus, the entire basis of the Motion—that there is no contribution left to protect—has vanished. For that reason alone the Motion should be denied.

5. More importantly, these developments further support Appellants' arguments in support of the injunction and the appeal. As a result of these increased contributions, it is even more imperative that the Debtors obtain an injunction protecting that contribution—particularly where, as here, the Debtors' proposed plan is now supported by every major creditor constituency but additional time is

---

[1] After Debtors filed their Response, they were informed that one of the Appellees, Relative Value-Long/Short Debt Portfolio, A Series of Underlying Funds Trust, had reached an agreement in principle to support the Debtors' proposed plan of reorganization.

necessary to fully document the agreements. Absent the requested injunction, the Debtors' proposed plan of reorganization and a successful reorganization would be imperiled, which is the very outcome a § 105 injunction is designed to prevent.

*[Remainder of Page Intentionally Left Blank]*

| Dated: September 27, 2016 | /s/ John C. O'Quinn |
| Chicago, Illinois | James H.M. Sprayregen, P.C. |

Dated: September 27, 2016  
Chicago, Illinois

/s/ John C. O'Quinn  
James H.M. Sprayregen, P.C.  
David R. Seligman, P.C.  
David J. Zott, P.C.  
Jeffrey J. Zeiger, P.C.  
KIRKLAND & ELLIS LLP  
KIRKLAND & ELLIS INTERNATIONAL LLP  
300 North LaSalle  
Chicago, Illinois 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200

Paul M. Basta, P.C.  
Nicole L. Greenblatt, P.C.  
KIRKLAND & ELLIS LLP  
KIRKLAND & ELLIS INTERNATIONAL LLP  
601 Lexington Avenue  
New York, New York 10022-4611  
Telephone: (212) 446-4800  
Facsimile: (212) 446-4900

John C. O'Quinn  
KIRKLAND & ELLIS LLP  
KIRKLAND & ELLIS INTERNATIONAL LLP  
655 Fifteenth Street, N.W.  
Washington, D.C. 20005-5793  
Telephone: (202) 879-5000  
Facsimile: (202) 879-5200

*Counsel to Debtors / Appellant-Plaintiffs*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. Bankr. P. 8015(a)(7)(C), the undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. Bankr. P. 8015(a)(7)(B)(i).

1. Exclusive of the exempted portions of the brief, as provided in Fed. R. Bankr. P. 8015(a)(7)(B)(iii), the brief contains 632 words.

2. The brief has been prepared in proportionally spaced typeface using Microsoft Word 2010 in 14 point Century Schoolbook font. As permitted by Fed. R. Bankr. P. 8015(a)(7)(C), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

Dated: September 27, 2016   */s/ John C. O'Quinn*
John C. O'Quinn

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of September, 2016, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants, resulting in service upon all counsel of record.

s/ John C. O'Quinn<br>
John C. O'Quinn